## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Matter of:                                    In Bankruptcy:

**APOLLONIA CHA'NELL MILLS**              Case No. 19-46601-mlo
                                                      Chapter 7

Debtor                              Hon. Maria L. Oxholm

**TIMOTHY J. MILLER, TRUSTEE**

Plaintiff,                              Ad. Pro. No. 19-04379-mlo

Hon. Maria L. Oxholm

vs.

**DETROIT LAND DEVELOPMENT COMPANY,**

Defendant.

## DEFNDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT

NOW COMES Defendant, DETROIT LAND DEVELOPMENT COMPANY, by and through its attorneys, LeVASSEUR, DYER & ASSOCIATES, P.C., and for its Answers states:

**1.    REQUEST No. 1:**

    **1.1.    REQUEST FOR ADMISSION:** Admit that Defendant provided a signed deed to the Debtor transferring the Property from Defendant to Debtor on on or around March 11, 2014.

    **RESPONSE:**

Admitted in part that the referenced deed was signed on or around March 11, 2014 by Defendant's Manager, Michael Kelly. Denied that the deed was provided to Debtor.

    **1.2.    INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**1.2.1.** Describe in detail the factual basis for your answer or qualification, specifically including facts that support the contention that transfer of the Property from Defendant to Debtor was invalid;

**RESPONSE:** At the time the land contract was closed, Defendant had a deed signed by me conveying the property to the Debtor and another deed signed by Debtor conveying her interests in the property to Defendant. Both deeds were to be held in escrow. If Debtor defaulted on the land contract, the deed signed by her conveying her interests in the property would be accepted and recorded, thus, purportedly ending the land contract. If she satisfied the purchase price, the deed conveying the property to her would be delivered and recorded giving her complete title to the property.

As far as I can recall, I gave the deeds to Debtor's father, Irving Seals, a friend of mine who I do business with, to hold in escrow. Neither Defendant nor I was aware that the deed conveying the property to Debtor was recorded until this adversary proceeding was commenced. I never intended to deliver the deed to Debtor until the land contract was satisfied. I believe Mr. Seals inadvertently recorded the deed.

**1.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:** Michael Kelly (manager of Defendant); Appolonia Mills (Debtor); Irving Seals (Father of Debtor); William Semaan (Attorney for Defendant).

**1.2.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:** The subject deeds dated March 10, 2014; Land Contract and documents associated with the Land Contract including ledgers, receipts for payments, notices of forfeiture and documents related to forfeiture proceedings.

**1.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:** See attached.

**2.** **REQUEST No. 2:**

**2.1.** **REQUEST FOR ADMISSION:** Admit that the Property was transferred by the Debtor to the Defendant via quitclaim deed recorded on February 19, 2019.

**RESPONSE:** Denied.

**2.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**2.2.1.** Describe in detail the factual basis for your answer or qualification;

**RESPONSE:** It is Defendant's contention that no property was transferred even if the date of delivery was February 19, 2019. Moreover, even if the Transfer is declared void, Defendant would still retain its legal title which secured the purchase price. See below Answer to Interrogatories, particularly, 12.1 and 14.1.

**2.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:** Michael Kelly (manager of Defendant); Appolonia Mills (Debtor); Irving Seals (Father of Debtor); William Semaan (Attorney for Defendant).

**2.2.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described, including but not limited to communications with the Debtor concerning financial matters of any type.

**RESPONSE:** See Answer to 1.2.3.

**2.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:** See Attached.

**3.** **REQUEST No. 3:**

**3.1.** **REQUEST FOR ADMISSION:** Admit that the Defendant never recorded a memorandum of land contract or other document indicating it held a secured interest in the Property;

**RESPONSE:** Admitted that neither the Land Contract nor a Memorandum of Land Contract was recorded. The request that no other document indicating that Defendant held a secured interest in the property is denied.

**INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**3.1.1.** Describe in detail the factual basis for your answer or qualification;

**RESPONSE:** If the March 10, 2014 Deed to Debtor did not convey any interests in the property, as Defendant contends, then the recorded deed showing Defendant's ownership in the property prior to those deeds would reflect Defendant's legal title to the property. That legal title secured the payment of the purchase price under the Land Contract.

**3.2.2** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:** Michael Kelly; William Semaan

**3.2.3** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described, including but not limited to receipts, communications, memoranda, etc.

> **RESPONSE:** See prior answers and Deed signed and recorded on October 11, 2013 from the Wayne County Treasurer to Defendant.

**3.2.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

> **RESPONSE:** See attached.

**4.** **REQUEST No. 4:**

**4.1.** **REQUEST FOR ADMISSION:** Admit that the Transfer was a transfer of an interest of the Debtor in property that was made to a creditor of the Debtor;

> **RESPONSE:** Denied.

> **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**4.1.1.** Describe in detail the factual basis for your answer or qualification;

> **RESPONSE:** If the March 10, 2014 Deed from Defendant to Debtor did not convey the property because of a lack of delivery, then the March 10, 2014 Deed from Debtor to Defendant conveyed no interests as well. As more fully explained in the Answers below, particularly the Answers to 12.1 and 14.1, the Transfer was an attempt by Defendant to regain Debtor's equitable title in the property which did not comply with Michigan statutory requirements to terminate equitable title. Moreover, if the Transfer is declared void, Defendant would still retain legal title to the property.

**4.1.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:** Michael Kelly, Apollonia Mills, Irving Seals, William Semaan

**4.1.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:** See Answer to Interrogatory 3.2.3.

**4.2.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:** See attached.


**5.** **REQUEST No. 5:**

**5.1.1.** **REQUEST FOR ADMISSION:** Admit that the Defendant never held a secured interest in the Property after it was transferred to the Debtor;

**RESPONSE:** Denied.

**5.1.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**5.1.2.1.** Describe in detail the factual basis for your answer or qualification;

**RESPONSE:** See answer to Request for Admission 3.1 and Answers to corresponding Interrogatories and Answers to Interrogatories 12.1 and 14.1.

**5.1.2.2.** Identify all persons with personal knowledge of the facts you described;

**RESPONSE:** See Answer to Interrogatory 3.1.2.

**5.1.2.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:** See Answer to Interrogatory 3.1.3.

**5.2**  **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:** See attached.


6.  **REQUEST No. 6:**

**6.1.**  **REQUEST FOR ADMISSION:** Admit that the Defendant's claim against the Debtor is derived from the land contract executed prior to February 19, 2019;

**RESPONSE:** Admitted.

**6.2.**  **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**6.2.1.**  Describe in detail the factual basis for your answer or qualification;

**RESPONSE:**

**6.2.2.**  Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:**

**6.2.3.**  Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described;

**RESPONSE:**

**6.3.**  **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**

**7.    REQUEST No. 7:**

**7.1.    REQUEST FOR ADMISSION:** Admit that the Transfer was made in satisfaction of the Defendant's claim against the Debtor as derived from the Land Contract;

**RESPONSE:** Denied

**7.2.    INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**7.2.1.**    Describe in detail the factual basis for your answer or qualification;

**RESPONSE:** See Answer to Interrogatory 4.1.1 above and Answers to Interrogatories 12.1 and 14.1 below.

**7.2.2.**    Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:** Michael Kelly; Apollonia Mills; Irving Seals; William Semaan

**7.2.3.**    Identify all documents which in any manner support, evidence, comment on, pertain to, mention, or reflect the facts you described.

**RESPONSE:** See above answers.

**7.3.    REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:** See attached.


**8.    REQUEST No. 8:**

**8.1.    REQUEST FOR ADMISSION:** Admit that when the Transfer was made, the Debtor's liabilities outweighed her assets;

**RESPONSE:** Admitted.

**8.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

    **8.2.1.** Describe in detail the factual and legal basis for your answer or qualification;

    **RESPONSE:**

    **8.2.2.** Identify all persons with personal knowledge of the facts you described; and

    **RESPONSE:**

    **8.2.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described,

    **RESPONSE:**

**8.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**


**9.** **REQUEST No. 9:**

**9.1.** **REQUEST FOR ADMISSION:** Admit that when the Transfer was made, the Debtor was unable to pay her debts as they became due.

**RESPONSE:** Admitted.

**INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

    **9.1.1.** Describe in detail the factual and legal basis for your answer or qualification;

    **RESPONSE:**

    **9.1.2.** Identify all persons with personal knowledge of the facts you described; and

    **RESPONSE:**

**9.1.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described,

**RESPONSE:**

**9.2.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:**


**10.** **REQUEST No. 10:**

**10.1.** **REQUEST FOR ADMISSION:** Admit that the Transfer enabled the Defendant to receive more than it would have received if paid as a general unsecured claim in this bankruptcy proceeding.

**RESPONSE:** Denied.

**10.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**10.2.1.** Describe in detail the factual and legal basis for your answer or qualification;

**RESPONSE:** See Answer to Interrogatory 4.1.1 above and Answers to Interrogatories 12.1 and 14.1.

**10.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:** See above persons identified.

**10.2.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described,

**RESPONSE:** See above documents identified.

**10.3.** **REQUEST TO PRODUCE:** Produce any and all documents identified in response to the preceding interrogatory.

**RESPONSE:** See attached.

**11.** **REQUEST No. 11:**

**11.1.** **REQUEST FOR ADMISSION:** Admit that the Defendant's agent or other authorized individual signed and recorded the deed recorded on or around March 10, 2014 and the deed recorded on February 19, 2019.

**RESPONSE:** Admitted that Defendant's agent signed the deed recorded on or around March 10, 2014 and signed and recorded the deed recorded on February 19, 2019. Denied that Defendant's agent or other authorized individual record the deed on March 10, 2014.

**11.2.** **INTERROGATORY:** If your answer to the preceding Request for Admission is in the negative or qualified in any matter:

**11.2.1.** Describe in detail the factual and legal basis for your answer or qualification, including the specific circumstances surrounding signing and recording of both deeds (as articulated above);

**RESPONSE:** See Answer to Interrogatory 1.2.1. In addition, it is believed that Irving Seals inadvertently recorded the Deed from Defendant to Debtor on March 10, 2014.

**11.2.2.** Identify all persons with personal knowledge of the facts you described; and

**RESPONSE:** Michael Kelly; Irving Seals; Apollonia Mills; William Semaan

**11.2.3.** Identify all documents that, in any manner, support, evidence, comment on, pertain to, mention, or reflect the facts you described,

**RESPONSE:** See documents identified above and attached hereto.

## 12. **REQUEST No. 12:**

**12.1.** **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's assertion that the Property was not effectively transferred to Debtor, as articulated in Defendant's Answer at ¶ 10.

**RESPONSE:**

As stated in the Answer to Interrogatory 1.2.1: At the time the land contract was closed, Defendant had a deed signed by me conveying the property to the Debtor and another deed signed by Debtor conveying her interests in the property to Defendant. Both deeds were to be held in escrow. If Debtor defaulted on the land contract, the deed signed by her conveying her interests in the property would be accepted and recorded, thus, ending the land contract. If she satisfied the purchase price, the deed conveying the property to her would be delivered and recorded giving her complete title to the property.

As far as I can recall, I gave the deeds to Debtor's father, Irving Seals, a friend of mine who I do business with, to hold in escrow. Neither Defendant nor I was aware that the deed conveying the property to Debtor was recorded until this adversary

proceeding was commenced. I never intended to deliver the deed to Debtor until the land contract was satisfied.

"Delivery of a deed is essential to pass title. The whole object is to indicate the grantor's intent to give effect to the instrument." <u>Resh v. Dorsey</u>, 365 Mich 288, 291 (1961). In addition, physical delivery to the grantee or recording of the deed only raises a presumption of intent to pass title. <u>Resh v Fox</u>, 365 Mich 288, 291-292 (1961); <u>Gibson v Dymon</u>, 281 Mich 137, 140 (1937).

Thus, the recording of the Deed only raises a rebuttal presumption that title had passed from Defendant to Debtor. The facts set forth above rebut that presumption. The rebuttal of the presumption further supported by the fact that Debtor subsequently made payments on the land contract, Defendant received payments from Debtor on the land contract and Defendant made efforts to collect arrearages in such payments and began land contract forfeiture proceedings. All these facts are inconsistent with the parties' believing that title had passed to Debtor on March 10, 2014.

13. **REQUEST No. 13:**

13.1. **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's assertion that the effective date of the Transfer was March 10, 2014, as articulated in Defendant's Answer at ¶ 13.

**RESPONSE:** At the time the Answer was prepared, it was Defense Counsel's belief that the deed Debtor to Defendant was delivered on March 10, 2014. However, it was subsequently learned that the Deed was recorded in an attempt to terminate Debtor's equitable title in the property. As such, the date of delivery is the date of recording.

However, for the reasons set forth below, because the purchase price of the land contract was secured by the legal title as evidenced by the recorded October 11, 2013 Deed, legal title to the property remains with Defendant even if the Transfer is declared void.

14. **REQUEST No. 14:**

14.1. **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 16

**RESPONSE:** "A land contract is therefore an executory contract in which legal title remains in the seller/vendor until the buyer/vendee performs all the obligations of the contract while equitable title passes to the buyer/vendee upon proper execution of the contract." Zurcher v. Herveat, 238 Mich App 267, 291 (1999). The legal title held by the vendor is to secure payment of the purchase price. Charter Township of Pittsfield v Saline, 103 Mich App 99, 103 (1981).

The Transfer was an attempt by Defendant to obtain Debtor's equitable title and merge it into the legal title it held without using one of the two statutory methods to terminate Debtor's equitable title: forfeiture under MCL 600.5726 or foreclosure under MCL 600.3101, et seq. Under either of these actions, once the breach is demonstrated, the vendee would still have the statutory right to keep title to and possession of the property by way of redemption. Thus, notwithstanding Debtor's breach of the land contract, her equitable title in the property continues until a court of competent jurisdiction finds a breach and the redemption period expires. Because the Transfer did not provide Debtor with the statutory right of redemption, it did not terminate her

equitable title in the property and did not benefit Defendant. Moreover, even if the Transfer is declared void, Defendant would still retain legal title to the property as itss security for payment of the purchase price.

**15.** **REQUEST No. 15:**

    **15.1.** **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial that the Defendant never held a secured interest in the Property after it was transferred to Property, as articulated in Defendant's Answer at ¶ 17.

    **RESPONSE:** See above Answers.

**16.** **REQUEST No. 16:**

    **16.1.** **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 18.

    **RESPONSE:** Paragraph 18 of Defendant's Answer inadvertently denied the allegation. The fact that Defendant's claim preexisted the date of the Transfer as defined herein is admitted.

**17.** **REQUEST No. 17:**

    **17.1.** **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 19.

    **RESPONSE:** See above Answers to Interrogatories.

18.    **REQUEST No. 18:**

18.1.   **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 22.

**RESPONSE:** Paragraph 22 of Defendant's Answer inadvertently denied the allegation. The same allegation is admitted in Plaintiff's Request for Admission 8.1.

19.    **REQUEST No. 19:**

19.1.   **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 23.

**RESPONSE:** Paragraph 23 of Defendant's Answer inadvertently denied the allegation. The same allegation is admitted in Plaintiff's Request for Admission 8.1.

20.    **REQUEST No. 20:**

20.1.   **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 24.

**RESPONSE:** As set forth in the above Answers, the Transfer did not benefit Defendant.

21.    **REQUEST No. 21:**

21.1.   **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 25.

**RESPONSE:** See the above Answers.

22.    **REQUEST No. 22:**

22.1.   **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's denial as articulated in Defendant's Answer at ¶ 27.

**RESPONSE:** As set forth in the above Answers, the Transfer did not benefit Defendant.

23. **REQUEST No. 23**:

    **23.1.** **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's asserted affirmative defense that the March 10, 2014 deed was "signed and recorded in error" as articulated at Affirmative Defense at ¶ 1.

    **RESPONSE:** The deed was not signed in error; it was recorded in error. See above Answers that show that title did not pass from Defendant to Debtor because of the lack of delivery of the deed.

24. **REQUEST No. 24**:

    **24.1.** **INTERROGATORY:** Describe in detail the factual and legal basis for the Defendant's asserted affirmative defense that the "there was no delivery of the deed by Defendant and/or no acceptance by Debtor", as articulated at Affirmative Defense at ¶ 1.

    **RESPONSE:** See above Answers that show that title did not pass from Defendant to Debtor because of the lack of delivery of the deed.

    "I DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE ANSWERS ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF."

                           _____

                       MICHAEL KELLY

                       Manager of Detroit Land Development Company

As to the law cited herein:

/s/ Allen J. Dyer
ALLEN J.DYER (P54857)
Attorney for Defendant

Dated: February 14, 2020

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

APPOLONIA CHA'NELL MILLS

      Debtor.

Chapter 7 Proceeding
Case No. 19-46601-mlo
Hon. Maria L. Oxholm

                                       /

TIMOTHY J. MILLER, TRUSTEE

      Plaintiff,

vs.

Adversary Case No. 19-04379-mlo
Hon. Maria L. Oxholm

DETROIT LAND DEVELOPMENT COMPANY,

      Defendant.

                                       /

| | |
|---|---|
| Peter F. Schneider P75256 | Allen J. Dyer P54857 |
| Clayson, Schneider and Miller, P.C. | LeVasseur Dyer & Associates, P.C. |
| Attorneys for Plaintiff | Attorney for Defendant |
| 645 Griswold, Suite 3900 | 3233 Coolidge Highway |
| Detroit, Michigan 48226 | Berkley, Michigan 48072 |
| (313) 237-0850 | (248) 586-1200 |
| pete@claysonschneidermiller.com | allen@LDALAW.com |

                                       /

## <u>CERTIFICATE OF SERVICE</u>

    On the date below, the undersigned hereby certifies that a true and correct copy of the

above Answers to Plaintiff's Discovery Request to Defendant were served upon:

| | |
|---|---|
| Peter F. Schneider P75256 | William Semaan, Esquire |
| 645 Griswold, Suite 3900 | 51 W Hancock, Suite 407 |
| Detroit, Michigan 48226 | Detroit, Michigan 48201 |
| pete@claysonschneidermiller.com | attorney.dpx@gmail.com |

by filing the paper(s) with the Clerk of the Court using the Electronic Case Files system which will send electronic notification of such filing to any parties that requested electronic service of documents filed in this case.

/s/ Allen J. Dyer
Allen J. Dyer P54857

Dated: February 14, 2020