# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In the Matter of:

APPOLONIA CHA'NELL MILLS      Chapter 7 Proceeding
     Case No. 19-46601-mlo
      Debtor.      Hon. Maria L. Oxholm

_____/

TIMOTHY J. MILLER, TRUSTEE

     Plaintiff,

vs.      Adversary Case No. 19-04379-mlo
     Hon. Maria L. Oxholm

DETROIT LAND DEVELOPMENT COMPANY,

     Defendant.

_____/

| | |
|---|---|
| Peter F. Schneider P75256 | Allen J. Dyer P54857 |
| Clayson, Schneider and Miller, P.C. | LeVasseur Dyer & Associates, P.C. |
| Attorneys for Plaintiff | Attorney for Defendant |
| 645 Griswold, Suite 3900 | 3233 Coolidge Highway |
| Detroit, Michigan 48226 | Berkley, Michigan 48072 |
| (313) 237-0850 | (248) 586-1200 |
| pete@claysonschneidermiller.com | allen@LDALAW.com |

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, DETROIT LAND DEVELOPMENT COMPANY, by and through its attorneys, LEVASSEUR DYER & ASSOCIATES and for its Response states for the reasons set forth in the attached Brief and in Defendant's Motion for Summary Disposition, it respectfully prays that pursuant to F. R. Bankr. P. 7056 this Honorable Court enter an Order Denying Plaintiff's Motion for Summary Judgment and enter Summary Judgment in favor of Defendant.

Respectfully submitted,

/s/ Allen J. Dyer
Allen J. Dyer P54857
LeVasseur Dyer & Associates, P.C.
Attorneys for Defendant
3233 Coolidge Highway
Berkley, MI 48072
(248) 236-1765
Allen@LDALAW.com

Dated: April 16, 2020

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

APPOLONIA CHA'NELL MILLS                    Chapter 7 Proceeding
                                            Case No. 19-46601-mlo
     Debtor.                               Hon. Maria L. Oxholm

_____/

TIMOTHY J. MILLER, TRUSTEE

     Plaintiff,

vs.                                         Adversary Case No. 19-04379-mlo
                                            Hon. Maria L. Oxholm

DETROIT LAND DEVELOPMENT COMPANY,

     Defendant.

_____/

| | |
|---|---|
| Peter F. Schneider P75256 | Allen J. Dyer P54857 |
| Clayson, Schneider and Miller, P.C. | LeVasseur Dyer & Associates, P.C. |
| Attorneys for Plaintiff | Attorney for Defendant |
| 645 Griswold, Suite 3900 | 3233 Coolidge Highway |
| Detroit, Michigan 48226 | Berkley, Michigan 48072 |
| (313) 237-0850 | (248) 586-1200 |
| pete@claysonschneidermiller.com | allen@LDALAW.com |

_____/

**BREIF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**COUNTER-STATEMENT OF FACTS**

On October 11, 2013, Defendant Detroit Land Development Company (hereinafter, "DLDC") obtained title to the residential property located at 7706 West Seven Mile Road in Detroit from the Wayne County Treasurer after a property tax foreclosure (Exhibit A, Deed dated October 11, 2013; Exhibit B, Declaration of Michael Kelly, Paragraph 2).

On March 10, 2014, DLDC entered into a Land Contract with Debtor Appolonia Mills for the sale of the property located at 7706 West Seven Mile Road for a total purchase price of

1

$30,000.00 to be paid by Ms. Mills in monthly installments of $450.00 and conditioned upon Ms. Mills paying the taxes and insurance for the property (Exhibit B, Paragraph 3; Exhibit C, Land Contract). Pursuant to Paragraph 3 of the Land Contract, upon satisfaction of the purchase price, DLDC had the duty to execute and deliver a quit claim deed to Ms. Mills (Exhibit C, Paragraph 3).

The Land Contract further provided that upon a default by Ms. Mills, including the failure to timely make the required monthly payments three times within a calendar year, DLDC had the right to declare the Land Contract forfeited. Paragraph 15 of the Land Contract further provided:

> "Purchaser will execute a Quit Claim deed to Seller to be recorded in the event of Purchaser's default. If Buyer holds over after default, buyer agrees to make monthly payments at the same rate as the land contract, but shall be considered rent." (Exhibit C, Paragraph 15).

In light of these provisions, at the time the Land Contract was executed, two quit claim deeds were executed on that same day. The first was from DLDC to convey its interests in the property to Ms. Mills to be held in escrow until the purchase price was satisfied. Delivery of the deed was intended to take place upon satisfaction as required in Paragraph 3 of the Land Contract. The second deed was from Ms. Mills to DLDC to convey her interests in the property to be held in escrow in the event she defaulted on the Land Contract pursuant to the provisions of Paragraph 15 of the Land Contract. Delivery of the deed was intended to take place, at DLDC's discretion, upon the default of the Land Contract by Ms. Mills as set forth therein (Exhibit B, Paragraph 4).

Also in attendance when the Land Contract was executed was a friend of Michael Kelly, the President of DLDC, and father of Ms. Mills, Irving Seals (Exhibit D, Declaration of Irving Seals). According to Mr. Seals, after the Land Contract and other documents were signed, he

2

took possession of Ms. Mills' copies of the documents. Mr. Seals believes that included within those documents was the signed deed from DLDC conveying the property to Ms. Mills. Although he is not certain, Mr. Seals believes that it is likely that he either recorded the deed or gave it to his daughter who recorded the deed (Exhibit D, Paragraphs 3-5). It is undisputed that the deed was recorded on March 11, 2014 (Exhibit B to Plaintiff's Motion for Summary Judgment).

Over the course of the next five years, Ms. Mills made sporadic payments of the monthly installments required by the Land Contract while defaulting on her monthly payments as well as the payment of property taxes on numerous occasions (Exhibit B, Paragraph 5). To enforce its rights as vendor under the Land Contract, DLDC commenced at least six summary proceedings for possession after land contract forfeiture against Ms. Mills for nonpayment of the monthly installments and/or property taxes in the 36th District Court for the State of Michigan, four of which were commenced between January 2018 and January 2019 (Exhibit B, Paragraph 6; Exhibit E, 36th District Court Pleadings and Document). Ms. Mills' father, Mr. Seals often paid necessary funds to DLDC to avoid his daughter losing her interests in property and being evicted from it (Exhibit D, Paragraph 8).

In February 2019, Ms. Mills again defaulted on her Land Contract obligations. After the required notice of forfeiture was given to her, DLDC declared Ms. Mills' interests in Land Contract forfeited, accepted delivery of the March 10, 2014 deed she signed conveying the property to DLDC and had it recorded with the Wayne County Register of Deeds on February 19, 2019. The intent was to convert her interests in the property to a tenancy (Exhibit B, Paragraph 7; Exhibit C to Plaintiff's Motion, Recorded Deed).

After the deed was recorded on February 19, 2019, Mr. Kelly of DLDC discovered that the deed conveying DLDC's interest in the subject property to Ms. Mills had been recorded on March 11, 2014 (Exhibit B, Paragraph 8). Mr. Seals informed Mr. Kelly of his belief that he might have been responsible for the deed having been recorded (Exhibit B, Paragraphs 9 and 10; Exhibit D, Paragraph 7). At no time did DLDC or Mr. Kelly intend to record the deed from DLDC to Ms. Mills or transfer any interests in the subject property to her beyond the interests she held as the Land Contract vendee (Exhibit B, Paragraph 11).

Ms. Mills filed her voluntary Chapter 7 Bankruptcy Petition on April 30, 2019. Reasoning that the recording of the March 10, 2014 deed from Ms. Mills to DLDC on February 19, 2019 had the effect of transferring title back to DLDC to the property that Ms. Mills received through the March 10, 2014 deed from DLDC, Plaintiff alleges that the recording is a preferential transfer that should be avoided under 11 USC 547, which it may recover pursuant to 11 USC 550, and would also have the effect of making any claims of DLDC disallowable under 11 USC 502(d). Defendant contends that the February 19, 2019 recording of the deed conveyed far less than what Plaintiff alleges.

## SUMMARY JUDGMENT STANDARDS

Pursuant to Fed. R. Bankr. P. 7056, which incorporates Fed. R. Civ. P. 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When reviewing facts, the court must construe them, and all reasonable inferences, in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party bears the initial burden of proof to show the absence of genuine issues of material fact. Celotex

4

Corp. v. Catrett, 477 U.S. 317, 323 (1986). If this burden is met, the nonmovant "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." If movant succeeds, "the burden shifts to the nonmovant to introduce specific facts that demonstrate the existence of a genuine issue precluding summary judgment." Denney v. Steak N Shake Operations, Inc., 559 Fed App'x 485 (6th Cir. 2014) (citing Matsushita Elec., 475 U.S. at 586).

**ARGUMENT**

**BECAUSE THE RECORDING OF THE DEED ON FEBRUARY 19, 2019 DID NOT ENABLE DEFENDANT TO IMPROVE ITS POSITION OVER OTHER UNSECURED CREDITORS, PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW**

Section 547(b) of the Bankruptcy Code provides in pertinent part:

(b) the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; …. And

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

5

It is on the fifth element that Plaintiff's claim fails. The February 19, 2019 recording of the deed was not a transfer that gave Defendant any more than it otherwise would have received in a Chapter 7 distribution. To demonstrate this fact, the property interest that the recording affected must be determined. Property rights in bankruptcy proceedings are determined by reference to the applicable state law. Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

## State Law Principles Concerning the Land Contract

The claims of Defendant emanate from its rights under the Land Contract of March 10, 2014. The interests in the subject property under the Land Contract are well-defined under Michigan law. As the Court in Zurcher v. Herveat, 238 Mich App 267, 291; 605 NW 2d 329 (1999) explained:

> "[L]and contract" is commonly used in Michigan as particularly referring to 'agreements for the sale of an interest in real estate in which the purchase price is to be paid in installments (other than an earnest money deposit and a lump-sum payment at closing) and no promissory note or mortgage is involved between the seller and the buyer.' 1 Cameron, *Michigan Real Property Law (2d ed.)*, § 16.1, p. 582. A land contract is therefore an executory contract **in which legal title remains in the seller/vendor** until the buyer/vendee performs all the obligations of the contract while **equitable title passes to the buyer/vendee upon proper execution of the contract**. [Emphasis added].

The equitable title that a land contract vendee receives contains property rights including the right of possession, control and disposition. Goldsmith v. Albion Public Schools, 373 Mich 397, 402; 129 NW 2d 377 (1964). According to the Court in Zurcher, 238 Mich App at 231, the installments the land contract vendee pays to the legal title holder is to satisfy the purchase price for the property.

The legal title held by the vendor is the security for the payment of the purchase price. Charter Township of Pittsfield v Saline, 103 Mich App 99, 103; 302 NW 2d 608 (1981). Notice

6

of the legal title held by the vendor is recorded chain of title which reflects the vendor's title to the property. As such, there is no need to otherwise record or file any document to perfect the legal title that is held by the vendor during the life of the land contract. It should be noted that while land contracts and memoranda of land contracts are often recorded, this is not done to perfect the vendor's security in the property. Rather, such a recordation is to protect the vendee to prevent the vendor (or anyone else) from subsequently selling the property to a bona fide purchaser for value.

Thus, under the Land Contract in this case, Ms. Mills was given equitable title to the subject property. With this right she had the right to possession as well as certain rights to control the property, such as to make improvements. DLDC held legal title to the property which was its security to ensure payment of the purchase price as evidenced by the recorded October 11, 2013 deed showing that it was the titleholder.

### The Deed Recorded on March 11, 2014 Did Not Change the Parties' Interests in the Subject Property Because of Lack of Delivery

After foreclosing for nonpayment of property taxes, the Wayne County Treasurer obtained good and marketable title in fee simple to the subject property. MCL 211.78k(6). It conveyed itd interests to DLDC on October 11, 2013 through a quit claim deed. A quitclaim deed transfers any interest the grantor may have in the lands, whatever its nature. MCL 565.3; Roddy v Roddy, 342 Mich 66, 69; 68 N.W.2d 762 (1955). Therefore, on October 11, 2013, DLDC owned good and marketable title in fee simple to the subject property.

It is Plaintiff's contention that through the quit claim deed to convey the property to Ms. Mills that was executed on March 10, 2014 and recorded the following day good and marketable title in fee simple as conveyed to her. Plaintiff further contends that through the quit claim deed signed on March 10, 2014 and recorded on February 19, 2019, Ms. Mills transferred back the

good and marketable title in fee simple to Defendant. As such, Plaintiff reasons that the transfer was preferential to Defendant over that of other creditors.

However, the overwhelming evidence in this case shows that under Michigan law, Ms. Mills did not receive good and marketable title in fee simple (or any other interest) through the March 10, 2014 deed that was recorded on March 11, 2014. This is due to the fact that evidence demonstrates that the deed was never delivered to Ms. Mills.

A deed conveying a present interest in land must be delivered and accepted. Gibson v Dymon, 281 Mich 137, 141; 274 NW 739 (1937). "The significance of delivery is its manifestation of the grantor's intent that the instrument be `a completed legal act.'" McMahon v Dorsey, 353 Mich 623, 626; 91 NW2d 893 (1958). Physical delivery to the grantee, or physical possession by the grantee, raises a presumption of intent to pass title. Resh v Fox, 365 Mich 288, 291-292; 112 NW2d 486 (1961).

Recording of a deed does raise a presumption of delivery. However, as explained by the Court in Hooker v. Tucker, 335 Mich 429, 434; 56 NW 2d 246 (1953):

> Though the recording of a deed raises a presumption of delivery, yet a presumption is but a rule of procedure used to supply the want of facts. Its only effect is to cast the burden on the opposite party of going forward with the proof. Presumptions of fact never obtain against positive proof and are introduced only to supply the want of real facts. [Internal citations omitted].

The facts of Resh, supra. illustrate an analysis of how delivery is to be determined. In 1941, Stephen Resh signed a quit claim deed conveying property to his sister. He gave her the deed with instructions that upon his death, to tell their brother and he would instruct her what to do with the property. In 1945, Mr. Resh conveyed another property to his sister, again instructing her to not to record it. After marrying, Mr. Resh signed another quit claim deed conveying shares of the same properties to his wife and siblings. He gave the deed to his wife with the instruction

8

to not record it. After he died, his sister recorded the deeds to delivered to her with the wife recording the deed given to her the following day.

The evidence showed that from 1941 to his death, Mr. Resh treated the properties as his own. After a hearing, the trial court ruled that although the sister was manually delivered the deeds, there was no delivery due to the absence of an intent to pass title. As such, it ruled her deeds were invalid and that title passed through the deeds delivered to the wife. In affirming the trial court, the Supreme Court ruled the subsequent acts of the grantor during a 17-year period indicated that he had no intention of passing a present title to his sister. Id. at 292.

In this case, the execution of the deed to convey the property to Ms. Mills was supposed to be held in escrow. Only after she satisfied the purchase price of the Land Contract was it to be delivered to her pursuant to Paragraph 3 of the Land Contract. Yet unbeknownst to DLDC, the deed was recorded on March 11, 2014. However, the intent to pass title from DLDC to Ms. Mills on the same day as the parties entered into the Land Contract was not present.

Further, if good and marketable title in fee simple to the property was transferred to Ms. Mills in March 2014, then the Land Contract would be a nullity, without any force and effect. However, the conduct of the parties over the course of the next five years is consistent with their rights and obligations under the Land Contract. As the equitable title holder, as opposed to compete title holder, Ms. Mills made payments toward the purchase price of the property under the terms of the Land Contract.

Contrary to someone who intended to pass complete title to Ms. Mills, DLDC, pursuant to its forfeiture powers in Paragraph 15 of the Land Contract and Michigan law, filed and litigated several summary proceedings to regain possession of the property after land contract forfeiture. Most of these actions resulted in Judgments of Possession and subsequent Orders of

Eviction, which is inconsistent with the land contract vendee having complete title to the property. If Ms. Mills had complete title to the property, then she would have an absolute defense to the summary proceedings. But apparently no such defense was ever asserted. Indeed, she and her father paid DLDC substantial sums of money to maintain her equitable title, and resulting possession, of the property under the provisions of the Land Contract and Michigan law.

The evidence overwhelmingly shows that, despite it having been recorded, there was no delivery of the deed that would demonstrate that DLDC had any intention to convey title to Ms. Mills beyond the equitable title she received through the Land Contract.

### The Interest that was Conveyed Through the Recording of the Deed on February 19, 2019

According to Plaintiff, the February 19, 2019 recording of the deed executed by Ms. Mills on March 10, 2014 reinstated good and marketable title to DLDC. However, there was no need for a restoration since the March 10, 2014 deed signed by Mr. Kelly did not convey any interest in the subject property to Ms. Mills because of lack of delivery. Nor did the recording of the deed on February 19, 2019 act to perfect the security DLDC held in the property as legal title holder since a land contract vendee is not required by Michigan law to record anything to protect its interest.

Again, a quit claim deed conveys whatever interests the grantor has in the property. In this case, the recording of the deed from Ms. Mills to DLDC is proof of her delivery and DLDC's acceptance of it. The interest conveyed by Ms. Mills through that deed was the equitable title she held as vendee under the Land Contract. The equitable title held by Ms. Mills merged into the legal title that DLDC continued to hold. Much like the legal title held by a mortgagor, this equitable title did not have a monetary value to unsecured creditors, and

therefore, its transfer to Defendant was not a preferential transfer. Viewed another way, if the transfer of February 19, 2019 was avoided, Defendant would still hold legal title to the property to secure the purchase price under the Land Contract, which would be of no benefit to unsecured creditors.

## CONCLUSION

Because the March 10, 2014 deed conveying the property to the Debtor was never delivered as required by Michigan law, the Debtor never had good and marketable title to the subject property. Rather, the Land Contract governed the interests, duties and rights of the Debtor and Defendant. Debtor held equitable title in the property while Defendant held legal title to secure the payment of the purchase price. Because the only effect that the recording of the March 10, 2019 deed signed by Ms. Mills was to terminate her equitable title to the property, Defendant, who still had legal title at the time, did not cause any diminution of the debtor's bankruptcy estate. As such, there is no preferential transfer to be avoided.

For these reasons, as well as those contained in Defendant's upcoming Motion for Summary Judgment, Defendant respectfully requests that this Court enter an Order Granting it Summary Judgment on Plaintiff's claims.

Respectfully submitted,

/s/ Allen J. Dyer
Allen J. Dyer P54857
LeVasseur Dyer & Associates, P.C.
Attorneys for Defendant
3233 Coolidge Highway
Berkley, MI 48072
(248) 236-1765
Allen@LDALAW.com

Dated: April 16, 2020

11

## WAYNE COUNTY TREASURER
## QUIT CLAIM DEED
(Issued under Act 206 Public Act of 1893, as Amended by Act 123 of Public Acts of 1999)

Raymond J. Wojtowicz, Treasurer of the Charter County of Wayne, Michigan, hereinafter called the Grantor/Treasurer whose address is 400 Monroe, Suite 520, Detroit, Michigan 48226, by authority of Act 206 Public Act of 1893, as amended by Act 123 of Public Acts of 1999, as amended, conveys and quit claims to:

DETROIT LAND DEVELOPMENT

hereinafter called the Grantee, whose address is:
PO BOX 806291  ST. CLAIR SHORES , MI 48080                                                            the following.
described premises located in the CITY OF DETROIT, WAYNE COUNTY, MI

Tax Parcel I.D. #:  16008803.

Legal Description:
N SEVEN MILE RD 189 EXC SEVEN MILE RD AS WD HUGO SCHERERS SEVEN MILE DRIVE SUB L42 P76 PLATS , W C R 16/301 40 X 109.95

Commonly known as: 7708 W SEVEN MILE CITY OF DETROIT, MI 48221

Date:  October 11, 2013

Pursuant to the provisions of Section 78k(5)(e) and 78k(5)(e) parcels are subject to visible or recorded easements and rights of way, private deed restrictions; building restrictions of record; all future installments of special assessments and liens recorded by the State or the foreclosing governmental unit or restrictions or other governmental interests imposed pursuant to the Natural Resources and Environmental Protection Act being Public Act 451 of 1994. This conveyance is exempt from taxes pursuant to MCL 207.505(h)(1) and MCL 207.526(h)(l).

Declaration of Conditions Subsequent. This Declaration is made to give record notice of the conditions subsequent to the sale of the Property by imposition of the following restrictions on the sale to the Property:

A.   That Grantee or any subsequent Purchaser/Assignee shall pay when due, the taxes on the Property for the two tax years ( 2014  & 2015) following the date of the deed, and all tax obligations for  2013.

B.   That Grantee or subsequent Purchaser/Assignee shall either demolish the property within six months following the date of the deed or maintain and secure the Property for two years following the date of the deed from Grantor/Treasurer in accordance with local building, health and public safety ordinances.

C.   That failure of the Grantee or subsequent Purchaser/Assignee to comply with previous clauses A and/or B or to cure the default within 30 days of written notice may result in a reversion of the title if the Property to the Grantor/Treasurer or assigned to the State of Michigan, County of Wayne, City, or Township where the property is located, at the discretion of the Grantor/Treasurer. The right of reversion of title shall reinstate fee simple absolute title to the Grantor/Treasurer or to Treasurer's assignee within 30 days of failure to cure default, unless extended by the Treasurer at his sole discretion. Written notice of default and failure to cure default addressed to the Grantee and mailed to the Grantee's address as written on the deed shall be notice to any subsequent Purchaser/Assignee, unless a copy of the Property Transfer Affidavit (PTA) that was filed with the local Assessor and which includes any change of mailing address is hand delivered to and signed as received by said Grantor/Treasurer, or his designated representative.

In Witness Whereof the Grantor, has signed and affixed the seal of the Wayne County Treasurer the day and year first above written.

STATE OF MICHIGAN )
                                        )ss
COUNTY OF WAYNE  )

Raymond J. Wojtowicz
Wayne County Treasurer

The foregoing instrument was acknowledged before me on this 11 day of  October     , 2013   by Raymond J. Wojtowicz, Wayne County Treasurer.

FELECIA ANN TYLER
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jul 29, 2019
ACTING IN COUNTY OF  Wayne

Notary Public, Wayne County Michigan

Prepared by Wayne County Treasurer
400 Monroe Street, Detroit, Michigan 48226

When recorded return to: Grantor
Send subsequent tax bills to:  Grantee

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

APPOLONIA CHA'NELL MILLS

       Debtor.

Chapter 7 Proceeding
Case No. 19-46601-mlo
Hon. Maria L. Oxholm

_____/

TIMOTHY J. MILLER, TRUSTEE

       Plaintiff,

vs.

Adversary Case No. 19-04379-mlo
Hon. Maria L. Oxholm

DETROIT LAND DEVELOPMENT COMPANY,

       Defendant.

_____/

| | |
|---|---|
| Peter F. Schneider P75256 | Allen J. Dyer P54857 |
| Clayson, Schneider and Miller, P.C. | LeVasseur Dyer & Associates, P.C. |
| Attorneys for Plaintiff | Attorney for Defendant |
| 645 Griswold, Suite 3900 | 3233 Coolidge Highway |
| Detroit, Michigan 48226 | Berkley, Michigan 48072 |
| (313) 237-0850 | (248) 586-1200 |
| pete@claysonschneidermiller.com | allen@LDALAW.com |

_____/

## DECLARATION OF MICHAEL KELLY

    Pursuant to 28 USC 1746, Michael Kelly hereby declares the following facts:

    1.    I am the President of Defendant, Detroit Land Development Company ("DLDC") and have personal knowledge of the following facts.

    2.    On October 11, 2013, DLDC obtained ownership of the residential property located at 7706 West Seven Mile Road in Detroit from the Wayne County Treasurer after a property tax foreclosure.

3. On March 10, 2014, DLDC entered into a Land Contract with Appolonia Mills for the sale of the property located at 7706 West Seven Mile Road for a total purchase price of $30,000.00 to be paid by Ms. Mills in monthly installments of $450.00 and conditioned upon Ms. Mills paying the taxes and insurance for the property.

4. At the time the Land Contract was executed, two quit claim deeds were executed on that same day. The first was from DLDC to convey its interests in the property to Ms. Mills to be held in escrow until the purchase price was satisfied. Delivery of the deed was intended to take place upon satisfaction. The second was from Ms. Mills to DLDC to convey her interests in the property to be held in escrow in the event she defaulted on the Land Contract pursuant to the provisions of Paragraph 15 of the Land Contract. Delivery of the deed was intended to take place, at DLDC's discretion, upon the default of the Land Contract by Ms. Mills.

5. Over the course of the next five years, Ms. Mills made sporadic payments of the monthly installments required by the Land Contract while defaulting on her monthly payments as well as the payment of property taxes on numerous occasions.

6. To enforce its rights as vendor under the Land Contract, DLDC commenced at least six summary proceedings for possession after land contract forfeiture against Ms. Mills for nonpayment of the monthly installments and/or property taxes in the 36th District Court for the State of Michigan, four of which were commenced between January 2018 and January 2019.

7. In February 2019, Ms. Mills defaulted on her Land Contract obligations once again. Therefore, after sending her the required notice of forfeiture, I on behalf of DLDC declared Ms. Mills' interests in Land Contract forfeited and accepted delivery of the March 10, 2014 deed she signed conveying the property to DLDC and had it recorded with the Wayne

County Register of Deeds on February 19, 2019, with the intent of converting her interests in the property to a tenancy.

8. After I recorded the deed on February 19, 2019, I learned that the deed conveying DLDC's interest in the subject property to her had been recorded on March 11, 2014.

9. After discovering that the deed had been recorded, I spoke to my friend and Ms. Mills' father, Irving Seals, who attended the closing on the Land Contract and had often paid money owed by Ms. Mills under the Land Contract so she could avoid eviction.

10. Mr. Seals told me that he believes that after the Land Contract was executed, he took possession of his daughter's copy of the contract and other documents, which inadvertently contained the signed deed from DLDC to Ms. Mills and he either inadvertently recorded it or gave it to his daughter who might have recorded it.

11. At no time did DLDC or I intend to record the deed from DLDC to Ms. Mills or transfer any interests in the subject property to her beyond the interests she held as the Land Contract vendee.

"I declare under penalty of perjury that the foregoing is true and correct."

Executed on April 14, 2020

_____
MICHAEL KELLY

# LAND CONTRACT

This Land Contract Agreement ("Agreement") is made and entered into on Monday, March 10, 2014, by and between:

Seller: **Detroit Land Development Company**
**PO Box 806291 St. Clair Shores, MI 48080**

and

Buyer:

**Apollonia Chanell Mills**
**7706 W Seven Mile**
**Detroit, MI 48221**

subject to the following terms and conditions:

## Summary of Significant Provisions

*Summary of Significant Provisions.* A summary of significant provisions is set forth below for illustrative purposes only, and are further explained in the section numbers indicated.

| | | | | |
|---|---|---|---|---|
| (a) | Property: | 7706 W SEVEN MILE, Detroit, MI | §1 | |
| (b) | Purchase Price: | $30,000.00 | | |
| (c) | Down Payment: | $1,000.00 | | |
| (d) | Closing Cost: | 0 | §2 | |
| (e) | L/C Balance: | $29,000.00 | | |
| (f) | Term: | ; Beginning April 1st 2014 | §2 | |
| (g) | Interest Rate: | 10% | | §2 |
| (h) | Payment: | $450.00 | §2 | |

## Agreement Terms & Conditions

**1. *Property.*** Seller will sell and convey to Buyer, and Buyer will buy and accept, property in the City of Detroit, County of Wayne, State of Michigan, together with any fixtures, personal property, and appurtenances, subject to any applicable building and use restrictions, rights of tenants, and to any easements or zoning affecting the land (the "Property"). The Property is further described as:

N SEVEN MILE RD 189 EXC SEVEN MILE RD AS WD HUGO SCHERERS SEVEN MILE DRIVE SUB L42 P76 PLATS, W C R 16/301 40 X 109.95

Tax Id. No.                  16008803.
Commonly known as:   7706 W SEVEN MILE, Detroit, MI

**2. *Payment terms.*** The full consideration for the sale of the Property (the "Purchase Price") to the Buyer is $30,000.00, with $1,000.00 having been previously paid to Seller as a deposit. The balance of the Purchase Price, $29,000.00, is to be paid to the Seller, with interest on any unpaid part at the rate of ten percent (10%) per year computed monthly.

The Purchase Price and any interest shall be amortized over , and will be paid in monthly installments of $450.00. Buyer may make payments of additional sums at their option without any prepayment penalty. Monthly installments are due on or before the first day of every month, with a three (3) day grace period, INCLUDING business days and weekends. In the even that the three day grace period falls on a weekend you are encouraged to mail in your postmarked payment. Payment recieved within this grace period is considered timely and does not accrue a late charge; payment received after the 4th is considered late. Any payment received after the fourth day of any month will be charged a $75.00 late payment

fee. Payments, excluding any late payment fees, are to be applied first to interest and the balance to principal. **REMINDER,** if you have a balance on your account the next payment you make will be applied to the oldest month due. We CANNOT apply to a certain month or service fee.

All payments must be mailed to:

## Detroit Property Exchange  51 W. Hancock, Detroit, MI

The entire Purchase Price must be fully paid within from the date of this Land Contract, anything in this Land Contract to the contrary notwithstanding. If Purchaser fails to make any payments on time in the first six (6) months, the Seller will execute and deliver a notice of failed review to the buyer and the interest rate as stated in paragraph 2 will automatically increase by 1%.

**3. _The Seller's duty to convey._** The Seller or his assigns, will execute and deliver to the Buyer, on the payment in full of all sums owing under this Agreement, a quit claim deed or special warranty deed conveying title to the Property, subject to the existing building and use restrictions, easements, and zoning ordinances, if any. The parties agree that the deed will be executed and delivered to the Buyer at the time this Agreement is satisfied.

**4. _The Buyer's duty to purchase._** The Buyer will purchase the Property and pay the Seller the Purchase Price, with interest, as provided in Paragraph 2.

**5. _Adherence to building and use restrictions._** The Buyer will use, maintain, and occupy the Property in accordance with any and all applicable building and use restrictions, including any restrictions imposed by any applicable governmental authority, homeowners association, neighborhood association, or other authority.

**6. _Adherence to regulations._** The Buyer will keep the Property in accordance with all regulations imposed by any applicable governmental authority, homeowners association, neighborhood association, or other authority.

**7. _Maintenance of the premises and waste._** The Buyer will keep and maintain the Property and buildings on it in as good a condition as they are at the date of this Agreement, reasonable wear and tear excepted, and will not waste, remove, or demolish any improvements on the Property or otherwise diminish the value of the Seller's security without the Seller's written consent. Buyer further warrants and represents that they will not permit any liens to attach to the Property without the Seller's written consent.

Buyer shall allow Seller or Seller's agents access to the Property for inspection purposes. Buyer shall also allow insurance carriers and their representatives, as well as any government authorities, access to inspect the Property to the extent permitted by law.

**8. _Taxes._** Buyer shall timely pay all personal property taxes, property taxes, and any special assessment levied or assessed against the Property before any penalty for non-payment, and shall submit receipts evidencing payment of the same to Seller upon request. Any and all back taxes are the sole responsibility of the Purchaser.

**9. _Insurance._** The Buyer will continually keep the Property insured with insurance coverage that provides building and contents insurance with guaranteed replacement cost under a limit of liability not less than the purchase price or any appraised or assessed value, whichever is greater, and that shows Seller as mortgagee and/or additional insured. Buyer will deliver copies of the policies or endorsements to the Seller with proof that the premiums are fully paid prior to Buyer's possession of the Property, and will continue to deliver copies of the policies or endorsements to the Seller so long as Buyer possesses the Property under this Agreement.

**10. _Utilities and other fees._** Buyer shall assume responsibility for all utilities, e.g. services for natural gas, propane, electricity, trash removal, etc., and fees, e.g. homeowners association dues, homeowner association special assessments, etc., associated with the Property at the time they take possession of the Property, and shall transfer all utilities into Buyer's name within three (3) days after Buyer takes possession of the Property under this Agreement. The Purchaser will be responsible for any and all outstanding water bill assessments.

**11. _Acceptance of the property._** The Buyer has examined the Property and the buildings on it, is satisfied with their physical condition, and agrees to accept the Property as-is, complete with all material and immaterial defects known and unknown.

**12. _Nonpayment of taxes or insurance._** If the Buyer defaults in the payment of any insurance premium or tax or special assessment before the date on which interest and penalties accrue or in the delivery of insurance policies as provided in

Paragraph 10, the Seller may, at the Seller's sole option, pay the tax, special assessments, or premiums or procure the insurance and pay the premiums. Any amount so paid will be a further lien on the land immediately payable by the Buyer to the Seller, with interest at the rate set forth in Paragraph 2. Any amount so paid will, until repaid by the Buyer, be deemed an increase to the purchase price for the purpose of determining any amount the Buyer would have to pay to redeem the property after forfeiture or foreclosure.

**13.** *Assignment.* The Seller may assign this Agreement, provided any existing mortgage or encumbrance on the land granted by the Seller is first paid and discharged or otherwise assumed by the Seller's assignee. Buyer may not assign this Agreement without the express written permission of Seller.

**14.** *Rental.* Buyer may not rent or sublet the Property without the express written permission of Seller. In the event that Buyer wishes rent the Property and Seller provides written permission for the rental, Buyer understands, acknowledges, and agrees that she will be solely responsible for complying with all local, state, and federal rules and regulations governing the rental and/or lease of residential property, and shall solely bear any all costs and fees associated with the rental of the Property and/or compliance of all local, state, and federal rules and regulations governing the rental and/or lease of commercial property. Buyer agrees to indemnify and hold harmless Seller for any and all claims made against Buyer and/or Seller by any renter and/or lessee of the Property.

Further, Buyer understands, acknowledges, and agrees that any rental agreement and/or lease of the Property will be on a form that has been: 1) provided to Buyer by Seller, or 2) reviewed and approved in writing by Seller. Any rental agreement and/or lease must have an assignment of rent provision that provides for the direct payment of rents and/or lease payments to Seller in the event that Buyer is in default of this Agreement.

**15.** *Right to forfeit.* If the Buyer fails to meet the terms and conditions of this Agreement, or if Buyer fails to make timely payments more than three (3) times in a calendar year, the Seller may declare this Agreement forfeited and void without the ability of Buyer to cure; retain whatever the Buyer has paid under this Agreement and all improvements that may have been made on the land, together with additions and accretions; consider and treat the Buyer as a tenant holding over without permission; take immediate possession of the premises; and remove and put out the Buyer and all occupants, as permitted by law. If the Buyer or Seller relies on a notice of forfeiture to terminate rights under this Agreement, the notice will specify all unpaid moneys and other breaches of this Agreement and declare the forfeiture of this Agreement effective in 15 days after service unless the money is paid and other breaches are cured within that time. Purchaser will execute a Quit Claim deed to Seller to be recorded in the event of the Purchaser's default. If Buyer holds over after default, buyer agrees to make monthly payments at the same rate as the land contract, but shall be consider rent. Buyer agrees to re-imburse Seller for any and all cost of collection of unpaid rent and eviction fees in applicable.

**16.** *Right to accelerate.* If the Buyer fails to meet the terms and conditions of this Agreement, the default continues for 45 days or more, and the Seller wants to foreclose in accordance with Michigan law, the Seller may accelerate and declare immediately due the entire unpaid balance due under this Agreement.

**17.** *Liens.* The Buyer will keep the Property free and clear of all liens and encumbrances that arise due to the Buyer's acts or omissions, with the exception that Buyer grants Seller a lien and/or security interest on all the fixtures, furnishings, and/or equipment now or later placed on the Property (to the extent that Buyer has an interest) in order to secure the performance of Buyer's obligations under this Agreement. If the Buyer, by their acts or omissions, causes or permits any non-permitted lien or encumbrance to attach and fails to remove it (which, for a construction lien, may be accomplished by bonding off the lien in accordance with the Construction Lien Act) within thirty (30) days after its attachment and a written demand for removal, the Seller will have the right, but not the obligation, to remove the lien or encumbrance at the Seller's expense and to receive prompt payment for the expense with interest at the rate provided in Paragraph 2 of this Agreement.

**18.** *Notices.* All notices required to be made under this Agreement will be deemed completed and legally sufficient if mailed by USPS 1st class mail, certified mail or if delivered personally or by courier service, to the addresses stated above or buyers agent or registered agent or attorney or at any other address a party designates in writing.

**19.** *Memorandum.* The Buyer may record a memorandum of this Agreement, and the Seller agrees to execute one at the Buyer's request. Neither the Seller nor the Buyer will record this Agreement.

**20.** *Road Contact Information Retrieval.* Buyer is solely responsible for keeping the Seller updated with all their contact information. If Buyer fails to keep the Seller updated and Seller must send out a Road Agent to retrieve contact information

from Buyer, Seller will automatically charge a $75.00 Road Retrieval Fee on the account. Seller will execute and deliver a notice of such charge fee to Buyer.

**21. *Expenses.*** Except as set forth in this Agreement, each party shall bear its own fees and expenses incurred in connection with this Agreement provided, however, that Buyer shall bear the costs of collection (e.g. reasonable attorney fees and costs, costs of eviction, etc.), if any, incurred under this Agreement.

**22. *Default Expenses.*** Seller may recover any costs incurred in connection with the Event of Default, including reasonable attorney fees. These costs may be added to the amount required to be paid by Purchaser to cure the Event of Default, to the sum established by any judgment for possession which must be paid to avoid issuance of a Writ of Restitution or to the sum established by any monetary judgment.

**23. *Applicable law.*** This Agreement and the performance of it shall be governed, interpreted, construed, and regulated by the laws of the State of Michigan.

**24. *Capacity of the parties.*** Seller is a limited liability company organized under the laws of the State of Michigan, and is active and in good standing. Buyer is an individual who is of full age, and is capable of understanding and entering into this Agreement.

**25. *Modification.*** The Seller and Buyer acknowledge that the terms of this Agreement cannot be modified orally, but can be modified only by an instrument in writing signed by all parties.

**26. *Binding effect.*** This Agreement shall be binding upon the Seller and Buyer, and upon the respective successors, heirs, administrators, and assigns of the Seller and Buyer.

**27. *Waiver.*** Any of the terms or conditions of this Agreement may be waived at any time and from time to time by the party entitled to the benefit of such terms or conditions; however, no party shall be deemed to have waived any rights unless such waiver shall be in writing and signed by the party or the party's representative. No delay or omission on the part of any party in exercising any right shall operate as a waiver of such right or any other right. A waiver by any party of a breach of a provision of this Agreement shall not constitute a waiver of or prejudice the party's right to demand strict subsequent compliance with that provision or any other provision.

**28. *Enforceability of Agreement.*** If any term, covenant, condition or provision of this Agreement, or the application thereof to any person or circumstance shall, at any time, or to any extent, be invalid or unenforceable, the remainder of this Agreement or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be effected thereby, and each term, covenant, condition and provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

**29. *Adequacy of Agreement.*** Seller and Buyer agree that all conditions precedent to his entering into this Agreement have been met, and Buyer agrees that Seller has discharged all of its duties under all local, state, and/or federal law (including, but not limited to, any local, state, and/or federal laws relating lead paint disclosure, seller's disclosure, risk transfer, etc.) with respect to Buyer in relation to the sale of the Property and to this Agreement.

**30. *Interpretation of the Agreement.*** All references to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of this Agreement may require.

**31. *Headings.*** This section or any other headings contained in this Agreement are for purposes of reference only and shall not affect the meaning and interpretation of this Agreement.

**32. *Complete Agreement.*** This Agreement sets forth all of the promises, agreements, conditions and understandings between the Seller and the Buyer, and there are no promises, agreements, conditions or understanding, either written or oral, express or implied, between them other than those set forth herein.

**33. *Signatures.*** The parties have signed and delivered this Agreement in duplicate on the date noted at the beginning of this Agreement.
SIGNATURES AND ACKNOWLEDGEMENTS ON FOLLOWING PAGE

WE UNDERSTAND, ACKNOWLEDGE, AND AGREE THAT THIS IS A LEGAL DOCUMENT THAT ESTABLISHES OUR RIGHTS AND DUTIES WITH RESPECT TO THE PROPERTY. WE HAVE READ ALL SEVEN (7) PAGES OF THIS LAND CONTRACT AGREEMENT, AND I UNDERSTAND, ACKNOWLEDGE, AND AGREE WITH ITS CONTENTS.

FOR SELLER:                              FOR BUYER:

Detroit Land Development Company

By:    Michael Kelly                     By:    Apollonia Chanell Mills
Its:    Agent

                                         By: _____

STATE OF MICHIGAN )
                          )
WAYNE COUNTY        )

The foregoing "Land Contract Agreement" was acknowledged before me on Monday, March 10, 2014 by Michael Kelly, agent for Detroit Land Development Company and Apollonia Chanell Mills ,.

Notary Public County of Wayne
My Commission Expires: 03/22/2020
Acting in the County of: Wayne

KRYSTAL M WAUGH
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires March 22, 2020
Acting in the County of Wayne

## ADDENDUM TO LAND CONTRACT

This Addendum to Land Contract ("Addendum") is made on Monday, March 10, 2014 by and between Apollonia Chanell Mills, whose address is 7706 W Seven Mile, Detroit, MI 48221("Buyer") and Detroit Land Development Company, whose address is PO Box 806291 St. Clair Shores, MI 48080 ("Seller") regarding the property located at 7706 W SEVEN MILE, Detroit, MI 48221 and contains the following terms and conditions:

1.      Buyer understands, acknowledges, and agrees that he/she is personally liable not only for performing under the Land Contract, but also for any damage, waste, or other loss to the Property while it is under his/her legal or equitable possession and/or control.

2.      Buyer understands, acknowledges, and agrees that, in addition to any remedies that it may have in the Land Contract, Seller may pursue any legal remedies it may have against Buyer, whether in law or in equity, in the event of any damage, waste, or other loss to the Property.

3.      Buyer understands, acknowledges, and agrees that Seller may collect its actual attorney fees and costs as part of any suit, claim, or demand against Buyer for any damages, waste, or other loss to the Property.

4.      All other terms and conditions of the Land Contract remain in full force and effect. Nothing in this Addendum should be read to restrict, limit, or otherwise circumscribe Seller's ability to enforce its rights under the Land Contract.

5.      Buyer agrees to pay monthly payment on or before the 1st of each month (with a 3 day grace).  If buyer makes timely montly payments 9 of the 12 months of the each year, the last $5000.00 of the land contract shall be forgiven.


SELLER:

Detroit Land Development Company

By: Michael Kelly
Its: Agent

BUYER:

By: Apollonia Chanell Mills


By:

[IF A COMPANY IS SIGNING, AGENT TO SIGN IN BOTH CORPORATE AND PERSONAL CAPACITY]

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In the Matter of:

APPOLONIA CHA'NELL MILLS

      Debtor.

Chapter 7 Proceeding
Case No. 19-46601-mlo
Hon. Maria L. Oxholm

/

TIMOTHY J. MILLER, TRUSTEE

      Plaintiff,

vs.

Adversary Case No. 19-04379-mlo
Hon. Maria L. Oxholm

DETROIT LAND DEVELOPMENT COMPANY,

      Defendant.

/

| | |
|---|---|
| Peter F. Schneider P75256<br>Clayson, Schneider and Miller, P.C.<br>Attorneys for Plaintiff<br>645 Griswold, Suite 3900<br>Detroit, Michigan 48226<br>(313) 237-0850<br>pete@claysonschneidermiller.com | Allen J. Dyer P54857<br>LeVasseur Dyer & Associates, P.C.<br>Attorney for Defendant<br>3233 Coolidge Highway<br>Berkley, Michigan 48072<br>(248) 586-1200<br>allen@LDALAW.com |

/

## DECLARATION OF IRVING SEALS

Pursuant to 28 USC 1746, Irving Seals hereby declares the following facts:

1.    I am the father of Debtor Appolonia Mills and friend of Michael Kelly of Defendant, Detroit Land Development Company ("DLDC") and have personal knowledge of the following facts.

2.    On March 10, 2014, I attended the closing on the Land Contract DLDC entered into with Appolonia Mills for the sale of the property located at 7706 West Seven Mile Road in Detroit, Michigan.

3.     After the Land Contract and other documents were signed, I took possession of Ms. Mills' copies of the Land Contract and other documents.

4.     I believe that included within those documents of which I took possession was a signed deed conveying the interests of DLDC to Ms. Mills.

5.     Though I am not certain, I believe that it is likely that I recorded said deed with the Wayne County Register of Deeds or I gave the deed to Ms. Mills who recorded it.

6.     I did not realize the error until in 2019 when Mr. Kelly told me about said deed having been recorded.

7.     At that time, I told Mr. Kelly that I believe that I, either directly or indirectly by giving the deed to Ms. Mills, was responsible for its recording.

8.     Between 2016 and 2018, I personally paid DLDC thousands of dollars to resolve Ms. Mills many defaults on the Land Contract to avoid forfeiture of her interests and eviction from the property.

"I declare under penalty of perjury that the foregoing is true and correct."

Executed on April 14, 2020

IRVING SEALS

IQ00803. LC

Approved, SCAO

Original - Court
1st copy - Defendant
2nd copy - Defendant
3rd copy - Plaintiff

| STATE OF MICHIGAN<br>36th JUDICIAL DISTRICT | JUDGMENT OF POSSESSION<br>AFTER LAND CONTRACT FORFEITURE | CASE NO.<br>16302934 |
|---|---|---|

Court address
421 Madison Ave., Detroit, MI 48226

Court telephone no.
(313) 965-2200

| Plaintiff<br>Detroit Land Dev. Company C/O Detroit Property Exchange | v | Defendant<br>Appollonia Chanell Mills |
|---|---|---|

Detroit Land Dev. Company C/O Detroit Property Exchange

C/O Aaron D. Cox (P69346)
23380 Goddard Road
Taylor, MI 48180

Plaintiff/Attorney          ☐ Personal service

Appollonia Chanell Mills

7706 W. Seven Mile
Detroit, MI 48221

Defendant/Attorney          ☑ Personal service

**THE COURT FINDS:**

by ☐ hearing   ☑ default*   ☐ consent**

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

1. The land contract has been forfeited.
☑ 2. The plaintiff has a right to possession.
3. There is now due to plaintiff:

| | | |
|---|---|---|
| Amount | $ | 5,114.00 |
| Other damages | $ | |
| Costs | $ | 170.00 |
| Total | $ | 5,284.00 |

☐ 4. There is no cause for action.

**TO THE DEFENDANT, IT IS ORDERED:**

5. A judgment of possession for breach of a land contract is entered in this case for the following described property:
7706 W. Seven Mile, Detroit, MI 48221

6. To retain possession, defendant must
☑ a. pay plaintiff $ 5,284.00 by 05/24/2016 or an order of eviction may be issued.
          Date

Defendant owes $ 5,284.00 , including interest paid to 03/30/2015 . Defendant has 90 days from
                                                      Date

the date of delivery/mailing of this judgment to pay.

☑ b. cure the breach by 05/24/2016 .
                        Date

If the defendant does not pay the amount owed and/or cure the breach by the date stated, an order of eviction may be issued.

☐ 7. A money judgment for damages pursuant to MCL 600.5739 is awarded in the amount of $ _____

8. **FURTHER ORDERS:**

9. **YOU ARE ADVISED** that you may file a motion for a new trial, a motion to set aside a default judgment, or an appeal and appeal bond within 10 days of judgment. This must comply with all court rules and must be filed in court by 3.7.16 .
You may want legal help.                                                                                      Date

Date 2/24/16                    Judge _____    Bar no.

Payment in the full amount may be made to the plaintiff or to the court by certified check or money order.

| CERTIFICATE OF MAILING: I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3). | **Approved:** |
|---|---|
| Date _____   Deputy clerk _____ | Date _____   Plaintiff/Attorney _____ |
| | Date _____   Defendant/Attorney _____ |

DC 106 (3/11) **JUDGMENT OF POSSESSION AFTER LAND CONTRACT FORFEITURE**

MCL 600.5741, MCR 4.202(J),
50 USC 521

Parcel #
16008803

Approved, SCAO

LC

Original - Officer return
1st copy - Court
2nd copy - Defendant
3rd copy - Plaintiff

| STATE OF MICHIGAN 36th JUDICIAL DISTRICT | ORDER OF EVICTION Landlord-Tenant / Land Contract | CASE NO. 16302934 BAILIFF CAMPOS |
|---|---|---|

Court address

421 Madison Avenue, Detroit, MI 48226

Court telephone no.

(313) 965-2200

Plaintiff's name, address, and telephone no.
Detroit Land Dev. Company C/O Detroit Property Exchange

51 W. Hancock 3rd Floor
Detroit, MI 48201

(313) 202-9939

v

Defendant name(s) and address(es)

Appollonia Chanell Mills

7706 W. Seven Mile

Detroit, MI 48221

Plaintiff's attorney, bar no., address, and telephone no.
Aaron D. Cox (P69346)

23380 Goddard Road
Taylor, MI 48180

(734) 287-3664

CB36111  05/27/16  15:02  125

CASE:16302934    SVC:00
FILING FEE      $15.00
TOTAL PAID:     $15.00
TYPE: WRIT OF RESTITUTION

**APPLICATION**

I state:

1. On _02/24/2016_ judgment was entered against defendant(s), and plaintiff was awarded possession of
   Date
   the following described property: _7706 W. Seven Mile, Detroit, MI 48221_

2. No payment has been made on the judgment or no rent has been received since the date of judgment, except the sum of
   $ _0.00_ received under the following conditions: _____
   (If Applicable) In Partial Payment of Judgment. Pursuant to paragraph six (6) of judgment, partial payment WILL NOT prevent
   an order of eviction from being issued.

3. The plaintiff has complied with the terms of the judgment.

4. The time stated in the judgment before an order of eviction can be issued has elapsed.

I declare that the statements above are true to the best of my information, knowledge, and belief.

_05/25/2016_
Date

Plaintiff/Attorney signature

**ORDER OF EVICTION**

**IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:**

**To the Court Officer:** You are ordered to remove the above named defendant(s) and other occupants from the premises
described and to restore peaceful possession to the plaintiff.

_6/2/16_
Date issued

SEAL

Judge    JUDGE B. PENNIE MILLENDER    Bar no.

**NOTE:** In tenancy cases, this order must be served within 56 days of the issuance date.

DC 107 (6/09) ORDER OF EVICTION, Landlord-Tenant / Land Contract    MCL 600.5744, MCR 4.201(P), MCR 4.202(K)


16008803

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Defendant
3rd copy - Plaintiff

| STATE OF MICHIGAN<br>36 JUDICIAL DISTRICT | JUDGMENT OF POSSESSION<br>AFTER LAND CONTRACT FORFEITURE | CASE NO.<br>17-314 661 |
| --- | --- | --- |

**Court address**
421 Madison Ave Detroit, MI 48201

Court telephone no.

| Plaintiff<br>Detroit Land Development Co | v | Defendant<br>Apollonia Chanell Mills |
| --- | --- | --- |

Detroit Land Development Co

William Semaan (P80352)
51 W Hancock
Detroit, MI 48201
(313) 263-7771

Plaintiff/Attorney                    ☐ Personal service

Apollonia Chanell Mills
7706 W Seven Mile
Detroit, MI 48221

Defendant/Attorney                    ☐ Personal service

**THE COURT FINDS:**
by ☐ hearing    ☐ default*    ☒ consent**
*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.
1. The land contract has been forfeited.
☒ 2. The plaintiff has a right to possession.
3. There is now due to plaintiff:

| Amount | $ | 2,100.00 |
| --- | --- | --- |
| Other damages | $ | |
| Costs | $ | 190.00 |
| Total | $ | 2,290.00 |

☐ 4. There is no cause of action.
5. Payment of the purchase price:
☑ a. Less than 50 percent of the purchase price has been paid.
  b. 50 percent or more of the purchase price has been paid.

**TO THE DEFENDANT, IT IS ORDERED:**

6. A judgment of possession for breach of a land contract is entered in this case for the following described property:

7706 W Seven Mile
Detroit, MI 48221

7. An order of eviction may be issued upon expiration of    ☑ 90 days    ☐ 6 months    after the entry of this judgment if the defendant does not:

☑ a. pay the total amount due in item 3 above.

☑ b. cure the following breach: 11/07/2017

8. A money judgment for damages under MCL 600.5739 is awarded in the amount of $ _____.

9. **FURTHER ORDERS:**

10. **YOU ARE ADVISED** that you may file a motion for a new trial, a motion to set aside a default judgment, or an appeal and appeal bond within 10 days of judgment. Any motion or appeal must comply with the court rules and must be filed in court by 08/21/2017 _____. You may want legal help.
    Date

08/09/2017
Date                                                    Judge                                    Bar no.

Payment in the full amount may be made to the plaintiff or to the court by certified check or money order.

| **CERTIFICATE OF MAILING:** I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3). | **Approved:** |
| --- | --- |
| | Date            Plaintiff/Attorney |
| Date            Deputy clerk | Date            Defendant/Attorney |

DC 106  (3/16)  **JUDGMENT OF POSSESSION AFTER LAND CONTRACT FORFEITURE**

MCL 600.5741, MCL 600.5744(3),
MCR 4.202(J), 50 USC App 521

16008803

v34

Approved, SCAO

| STATE OF MICHIGAN | APPLICATION AND ORDER OF EVICTION | CASE NO. |
| 36  JUDICIAL DISTRICT | Landlord-Tenant / Land Contract | 17-314 661 |

Court address                                                                 Court telephone no.

421 Madison Ave. Detroit, MI 48226

| Plaintiff's name, address, and telephone no. | | Defendant's name(s) and address(es) |
|---|---|---|
| Detroit Land Development Co<br>51 W Hancock<br>Detroit, MI 48201<br>(313) 831-4000 | v | Chanell A. Mills ~~and All occupants~~<br>7706 W Seven Mile<br>Detroit, MI 48221 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>William Semaan  P80352<br>51 W. Hancock<br>Detroit, MI 48201<br>(313) 263-7771 | | CIVIL DIVISION  2017 NOV 16 PM 12:52 |

NOTE: An application may be required even though a request for an order of eviction is granted in the judgment.

**APPLICATION**

1. On  08/09/2017  judgment was entered against the defendant(s) and the plaintiff was awarded
   Date

   possession of the following described property: 7706 W Seven Mile Detroit, MI 48221

2. No payment has been made on the judgment or no rent has been received since the date of judgment, except the sum of

   $ 2,000.00  received under the following conditions:  (If Applicable) In Partial Payment of Judgment.

   Pursuant to paragraph six (6) of judgment, partial payment WILL NOT prevent an order of eviction from being issued.

3. The plaintiff has complied with the terms of the judgment.

4. The time stated in the judgment before an order of eviction can be issued has elapsed.

I declare that the statements above are true to the best of my information, knowledge, and belief.

11/16/2017
Date                                                    Plaintiff/Attorney signature

**ORDER OF EVICTION**

IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:

To the Court Officer: You are ordered to restore the plaintiff to, and put the plaintiff in, full possession of the premises.

1/16/17
Date issued                         Judge                                       Bar no.

NOTE: In tenancy cases, this order must be executed within 56 days of the issuance date.

DC 107  (3/16)  APPLICATION AND ORDER OF EVICTION, Landlord-Tenant / Land Contract

MCL 600.5744, MCR 4.201(L),
MCR 4.202(K)

16c008803

Approved, SCAO

| STATE OF MICHIGAN | SUMMONS | CASE NO. |
|---|---|---|
| 36 JUDICIAL DISTRICT | Landlord-Tenant / Land Contract | |

Court address
421 Madison Ave. Detroit MI 48226

Court telephone no.

Plaintiff's name, address, and telephone no.

Detroit Land Development Company
51 W. Hancock
Detroit MI 48201
(313) 831.4000

Plaintiff's attorney, bar no., address, and telephone no.

William Semaan (P80352)
The Law Offices of William E. Semaan Jr. PLLC
51. W Hancock
Detroit MI 48201
(313) 263-7771

v

Defendant's name, address, and telephone no.

Apollonia Chanell Mills and all other occupants
7706 W. Seven Mile
Detroit MI 48221

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

☐ Rental unit eviction

☑ Land contract forfeiture

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. The plaintiff has filed a complaint against you and wants

☑ to recover possession, after land contract forfeiture, of
☐ a money judgment for
☐ to evict you from

Address or description of premises

7706 W. Seven Mile Detroit MI 48221

2. You are summoned to be in the district court on _____ at _____
   Day and date                                   Time

☐ at the address above, ☐ _____
   Location                              , courtroom _____

3. You have the right to a jury trial. If you do not demand a jury trial and pay the required jury fee in your first defense response, you will lose this right.

4. If you are in district court on time, you will have an opportunity to give the reasons why you feel you should not be evicted. Bring witnesses, receipts, and other necessary papers with you.

5. If you are not in district court on time, you may be evicted without a trial and a money judgment may be entered against you.

Date issued
12/10

Court clerk

*The certificate of mailing applies to landlord-tenant cases only.     This document must be sealed by the seal of the court.

## CERTIFICATE OF MAILING BY COURT*

I certify that on this date I served a copy of this summons and the complaint and required attachments on the defendants by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date _____

Court clerk/officer

## CERTIFICATE OF MAILING BY PLAINTIFF*

I certify that on this date I served a copy of this summons and the complaint and required attachments on the defendants by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3). I have attached a receipt of mailing from the post office.

Date _____

Plaintiff signature

DC 104 (3/12) **SUMMONS, LANDLORD-TENANT / LAND CONTRACT**

MCL 600.5735,
MCR 2.102, MCR 4.201(C), MCR 4.202(E)

| STATE OF MICHIGAN | COMPLAINT FOR POSSESSION | CASE NO. 18341044 |
|---|---|---|
| 36TH **JUDICIAL DISTRICT** | AFTER LAND CONTRACT FORFEITURE | JDG:I.BRIGHT |

Court address

421 Madison Ave. Detroit, MI 48226

Court telephone no.

Plaintiff name(s), address(es), and telephone no(s).

Detroit Land Development Company
51 W. Hancock
Detroit, MI 48201
(313) 831-4000

Plaintiff's attorney, bar no., address, and telephone no.

William Semaan P80352
51 W.Hancock
Detroit, MI 48201
(313) 263-7771

v

Defendant name(s) and address(es)

Apollonia Chanell Mills & All Occupants
7706 W SEVEN MILE
Detroit MI 48221

**The plaintiff states:**

1. Attached to this complaint is a copy of the land contract and a copy of the forfeiture notice showing when and how it was served.

2. The plaintiff is ☑ the seller and the defendant is ☑ the purchaser in a certain
☐ assignee of the seller ☐ assignee of the purchaser
land contract described in the attached forfeiture notice and is in possession of the land described in the notice.

3. The plaintiff has a right to recover possession of the property for
☑ a. **nonpayment of money** required to be paid under the contract:

Original selling price $ 29,000.00     Last payment 12/05/2017
                                                 Date

Principal balance due $ 30,280.08     Interest at 10 % paid to 10/05/2017
                                                                               Date

Total amount in arrears $ 915.00

☐ b. **material breach of contract** in violation of the terms of the contract as follows:
Explain. (If a money award is being sought for damages, complete the supplemental complaint below.)

4. The land contract was forfeited in accordance with the terms of the land contract.
5. The plaintiff asks for a judgment of possession and costs and asks the court to issue an eviction order according to law.
☑ 6. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint.
☐ 7. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint
has been previously filed in _____ Court. The docket number and assigned judge are:
_____

The action ☐ remains ☐ is no longer pending.

**SUPPLEMENTAL COMPLAINT**

☐ 8. (If applicable.) Complaint is made and judgment is sought for money damages against the defendant as follows: (Specify
damages pursuant to MCL 600.5739.)

1/4/18
Date

Plaintiff/Attorney signature

DC 103 (3/11) COMPLAINT FOR POSSESSION AFTER LAND CONTRACT FORFEITURE    MCL 600.5726, MCL 600.5739,
MCL 600.5741, MCR 4.202(D)
19-04379-mlo   Doc 33   Filed 04/16/20   Entered 04/16/20 17:00:05   Page 31 of 39



Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Defendant
3rd copy - Plaintiff

| | | |
|---|---|---|
| **STATE OF MICHIGAN**<br>36   **JUDICIAL DISTRICT** | **JUDGMENT OF POSSESSION**<br>**AFTER LAND CONTRACT FORFEITURE** | **CASE NO.**<br>18- 341 044<br>Hon. Izetta F. Bright |

Court address
421 Madison Ave Detroit, MI 48201
Court telephone no.

| Plaintiff<br>Detroit Land Development Co. | v | Defendant<br>Apollonia C. Mills and All Occupants |
|---|---|---|

Detroit Land Development Co.

William Semaan (P80352)
51 W Hancock
Detroit, MI 48201
(313) 263-7771

Plaintiff/Attorney    ☐ Personal service

Apollonia C. Mills and All Occupants
7706 W. Seven Mile
Detroit, MI 48221

Defendant/Attorney    ☐ Personal service

**THE COURT FINDS:**

by ☐ hearing ☒ default* ☐ consent**

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

1. The land contract has been forfeited.
☑ 2. The plaintiff has a right to possession.
3. There is now due to plaintiff:

| | | |
|---|---|---|
| Amount | $ | 965.00 |
| Other damages | $ | |
| Costs | $ | 187.90 |
| Total | $ | 1,152.90 |

☐ 4. There is no cause of action.
5. Payment of the purchase price:
☑ a. Less than 50 percent of the purchase price has been paid.
   b. 50 percent or more of the purchase price has been paid.

**TO THE DEFENDANT, IT IS ORDERED:**

6. A judgment of possession for breach of a land contract is entered in this case for the following described property:

7706 W. Seven Mile
Detroit, MI 48221

7. An order of eviction may be issued upon expiration of ☑ 90 days    6 months    after the entry of this judgment if the defendant does not:

☑ a. pay the total amount due in item 3 above.

☑ b. cure the following breach: 05/14/2018 _____

8. A money judgment for damages under MCL 600.5739 is awarded in the amount of $ _____

9. **FURTHER ORDERS:**

10. **YOU ARE ADVISED** that you may file a motion for a new trial, a motion to set aside a default judgment, or an appeal and appeal bond within 10 days of judgment. Any motion or appeal must comply with the court rules and must be filed in court by 02/23/2018 _____. You may want legal help.
   Date

02/13/2018 _____
Date

_____ _Judge_ _____ Bar no.

Payment in the full amount may be made to the plaintiff or to the court by certified check or money order.

| **CERTIFICATE OF MAILING:** I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3). | **Approved:**<br>2/13/18 |
|---|---|
| | Date      Plaintiff/Attorney |
| Date     Deputy clerk | Date      Defendant/Attorney |

DC 106 (3/16) **JUDGMENT OF POSSESSION AFTER LAND CONTRACT FORFEITURE**

MCL 600.5741, MCL 600.5744(3),
MCR 4.202(J), 50 USC App 521

Original - Court
1st copy - Tenant
2nd copy - Mailing
3rd copy - Landlord/Landlady
4th copy - Proof of service

Approved, SCAO

| STATE OF MICHIGAN 36th JUDICIAL DISTRICT | SUMMONS Landlord-Tenant / Land Contract | CASE NO. |
|---|---|---|

**Court address**
421 Madison Ave. Detroit, MI 48226

Court telephone no.

Plaintiff's name, address, and telephone no.
Detroit Land Development Company
51 W Hancock
Detroit, MI 48201
(313) 831-4000

Plaintiff's attorney, bar no., address, and telephone no.
William Semaan (P80352)
51 W Hancock, Ste. 407
Detroit, MI 48201
(313) 263-7771

v

Defendant's name, address, and telephone no.
Apollonia Chanel Mills & All Occupants
7706 W Seven Mile
Detroit, MI 48221

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

☐ Rental unit eviction

☑ Land contract forfeiture

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. The plaintiff has filed a complaint against you and wants
   ☑ to recover possession, after land contract forfeiture, of
   ☐ a money judgment for
   ☐ to evict you from

Address or description of premises
7706 W Seven Mile
Detroit, MI 48221

2. You are summoned to be in the district court on _____ WEDNESDAY 08/29/18 at 09:00 AM
   Day and date                                                                Time

☐ at the address above, ☐ _____, courtroom ____
   Location

3. You have the right to a jury trial. If you do not demand a jury trial and pay the required jury fee in your first defense response, you will lose this right.
4. If you are in district court on time, you will have an opportunity to give the reasons why you feel you should not be evicted. Bring witnesses, receipts, and other necessary papers with you.
5. If you are not in district court on time, you may be evicted without a trial and a money judgment may be entered against you.

_____          _____
Date issued                    Court clerk

*The certificate of mailing applies to landlord-tenant cases only.

This document must be sealed by the seal of the court.

### CERTIFICATE OF MAILING BY COURT*

I certify that on this date I served a copy of this summons and the complaint and required attachments on the defendants by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

_____          _____
Date                           Court clerk/officer

### CERTIFICATE OF MAILING BY PLAINTIFF*

I certify that on this date I served a copy of this summons and the complaint and required attachments on the defendants by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3). I have attached a receipt of mailing from the post office.

_____          _____
Date                           Plaintiff signature

DC 104 (3/12) **SUMMONS, LANDLORD-TENANT / LAND CONTRACT**

MCL 600.5735,
MCR 2.102, MCR 4.201(C), MCR 4.202(E)

16008803

Original - Court
1st copy - Defendant
2nd copy - Plaintiff

**STATE OF MICHIGAN**

36 **JUDICIAL DISTRICT**

JDG CASE NO.

**COMPLAINT FOR POSSESSION
AFTER LAND CONTRACT FORFEITURE**

Court address
421 Madison Ave, Detroit MI 48226

Court telephone no.

Plaintiff name(s), address(es), and telephone no(s).
Detroit Land Development Company
51 W. Hancock
Detroit, MI 48201
(313) 831-4000

v

Defendant name(s) and address(es)
Apollonia Chanel Mills and all other occupants
7706 W Seven Mile
Detroit MI 48221

Plaintiff's attorney, bar no., address, and telephone no.
William Semaan P80352
51 W.Hancock
Detroit, MI 48201
(313) 263-7771

**The plaintiff states:**

1. Attached to this complaint is a copy of the land contract and a copy of the forfeiture notice showing when and how it was served.

2. The plaintiff is ☑ the seller and the defendant is ☑ the purchaser in a certain
☐ assignee of the seller ☐ assignee of the purchaser
land contract described in the attached forfeiture notice and is in possession of the land described in the notice.

3. The plaintiff has a right to recover possession of the property for
☑ a. **nonpayment of money** required to be paid under the contract.

Original selling price $ 29,000.00   Last payment 06/04/2018
Date

Principal balance due $ 28,626.33   Interest at 10 % paid to 06/05/2018
Date

Total amount in arrears $ 525.00

☐ b. **material breach of contract** in violation of the terms of the contract as follows:
Explain. (If a money award is being sought for damages, complete the supplemental complaint below.)

4. The land contract was forfeited in accordance with the terms of the land contract.
5. The plaintiff asks for a judgment of possession and costs and asks the court to issue an eviction order according to law.
☑ 6. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint.
☐ 7. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint
has been previously filed in_____ Court. The docket number and assigned judge are:
_____
The action ☐ remains ☐ is no longer pending.

**SUPPLEMENTAL COMPLAINT**

☐ 8. (If applicable.) Complaint is made and judgment is sought for money damages against the defendant as follows: (Specify
damages pursuant to MCL 600.5739.)

Date 7/2/18

Plaintiff/Attorney signature

DC 103 (3/11) **COMPLAINT FOR POSSESSION AFTER LAND CONTRACT FORFEITURE**   MCL 600.5726, MCL 600.5739,
MCR 2.113(C), MCR 4.202(D)

16008803

Original - Court
1st copy - Applicant
Other copies - All appearing parties

**STATE OF MICHIGAN**
JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**DISMISSAL**

CASE NO.
18·357·905
Hon. Izelle Bright

Court address
421 Madison Detroit, MI 48226

Court telephone no.
(313) 965-5952

Plaintiff's name(s) and address(es)

Detroit Land Development Co.

v

Defendant's name(s) and address(es)

Appolonia C. Mills + Occupnts
7706 W Seven mile
Detroit, mi 48021

Plaintiff's attorney, bar no., address, and telephone no.

William Semeans P80352

Defendant's attorney, bar no., address, and telephone no.

---

☑ **NOTICE OF DISMISSAL BY PLAINTIFF**

1. Plaintiff/Attorney for plaintiff files this notice of dismissal of this case  ☐ with ☑ without   prejudice as to:
   ☑ all defendants.
   ☐ the following defendant(s): _____

2. I certify, under penalty of contempt, that:
   a. This notice is the first dismissal filed by the plaintiff based upon or including the same claim against the defendant.
   b. All costs of filing and service have been paid.
   c. **No answer or motion has been served upon the plaintiff by the defendant** as of the date of this notice.
   d. A copy of this notice has been provided to the appearing defendant/attorney by ☐ mail ☐ personal service.

8/29/18
Date

Plaintiff/Attorney signature

---

☐ **STIPULATION TO DISMISS**

I stipulate to the dismissal of this case  ☐ with ☐ without   prejudice as to:
☐ all parties.
☐ the following parties: _____

_____
Date

Plaintiff/Attorney signature

_____
Date

Defendant/Attorney signature

---

☑ **ORDER TO DISMISS**

**IT IS ORDERED** this case is dismissed  ☐ with ☑ without   prejudice. Conditions, if any: _____

☐ This order resolves the last pending claim and closes the case.

8/29/18
Date

Judge

Bar no.

MC 09  (4/11)  **DISMISSAL**   Doc 33   Filed 04/16/20   Entered 04/16/20 17:00:05   Page 35 of 39   MCR 2.504
APPLICANT
19-04379-mlo

*... 16008803*

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Defendant<br>3rd copy - Plaintiff |
|---|---|---|

| STATE OF MICHIGAN<br>36th JUDICIAL DISTRICT | JUDGMENT OF POSSESSION<br>AFTER LAND CONTRACT FORFEITURE | CASE NO.<br>18-365 551-SP<br>Hon. Donald Coleman |
|---|---|---|

Court address
421 Madison Ave Detroit, MI 48201

Court telephone no.

Plaintiff
Detroit Land Development Company

v

Defendant
Apollonia C. Mills and All Occupants

Detroit Land Development Company

C/O William E. Semaan Jr. (P80352)
51 W Hancock, Ste. 407
Detroit, MI 48201
(313) 263-7771

Plaintiff/Attorney ☐ Personal service

Apollonia C. Mills and All Occupants
7706 W. Seven Mile
Detroit, MI 48221

Defendant/Attorney ☐ Personal service

**THE COURT FINDS:**
by ☐ hearing ☐ default* ☒ consent**

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

1. The land contract has been forfeited.
☒ 2. The plaintiff has a right to possession.
3. There is now due to plaintiff:

| Amount | $ | 2,650.00 |
|---|---|---|
| Other damages | $ | |
| Costs | $ | 200.00 |
| Total | $ | 2,850.00 |

☐ 4. There is no cause of action.
5. Payment of the purchase price:
☑ a. Less than 50 percent of the purchase price has been paid.
   b. 50 percent or more of the purchase price has been paid.

**TO THE DEFENDANT, IT IS ORDERED:**

6. A judgment of possession for breach of a land contract is entered in this case for the following described property:

7706 W. Seven Mile
Detroit, MI 48221

7. An order of eviction may be issued upon expiration of ☑ 90 days ☐ 6 months after the entry of this judgment if the defendant does not:

☑ a. pay the total amount due in item 3 above.

☑ b. cure the following breach: 03/12/2019

8. A money judgment for damages under MCL 600.5739 is awarded in the amount of $ _____

9. **FURTHER ORDERS:**

10. **YOU ARE ADVISED** that you may file a motion for a new trial, a motion to set aside a default judgment, or an appeal and appeal bond within 10 days of judgment. Any motion or appeal must comply with the court rules and must be filed in court by _____ You may want legal help.
   Date

12/12/2018
Date

Judge                                    Bar no. P 39___

Payment in the full amount may be made to the plaintiff or to the court by certified check or money order.

| CERTIFICATE OF MAILING: I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3). | *Approved: |
|---|---|
| 12-1-___     Deputy clerk | Date          Plaintiff/Attorney |
| Date          Deputy clerk | Date          Defendant/Attorney |

DC 106 (3/16) **JUDGMENT OF POSSESSION AFTER LAND CONTRACT FORFEITURE**

MCL 600.5741, MCL 600.5744(3),
MCR 4.202(J), 50 USC App 521



Approved, SCAO

**STATE OF MICHIGAN**
36th **JUDICIAL DISTRICT**

**COMPLAINT FOR POSSESSION AFTER LAND CONTRACT FORFEITURE**

CASE NO.

Court address
421 Madison Detroit, MI 48226

Court telephone no.

Plaintiff name(s), address(es), and telephone no(s).

Detroit Land Development Company
51 W. Hancock
Detroit, MI 48201
(313) 831-4000

Plaintiff's attorney, bar no., address, and telephone no.

William Semaan P80352
51 W.Hancock
Detroit, MI 48201
(313) 263-7771

v.

Defendant name(s) and address(es)

Apollonia Mills and all other occupants
7706 W. Seven Mile
Detroit MI 48221

**The plaintiff states:**

1. Attached to this complaint is a copy of the land contract and a copy of the forfeiture notice showing when and how it was served.

2. The plaintiff is  ☑ the seller        and the defendant is  ☑ the purchaser        in a certain
   ☐ assignee of the seller        ☐ assignee of the purchaser
   land contract described in the attached forfeiture notice and is in possession of the land described in the notice.

3. The plaintiff has a right to recover possession of the property for
   ☑ a. **nonpayment of money** required to be paid under the contract:

   Original selling price    $ 30,000.00                    Last payment  02/28/2019
                                                                          Date

   Principal balance due    $ 27,330.91                    Interest at 10    % paid to  10/05/2018
                                                                                        Date

   Total amount in arrears    $ 4,350.00

   ☐ b. **material breach of contract** in violation of the terms of the contract as follows:
   Explain.  (If a money award is being sought for damages, complete the supplemental complaint below.)

4. The land contract was forfeited in accordance with the terms of the land contract.
5. The plaintiff asks for a judgment of possession and costs and asks the court to issue an eviction order according to law.
☑ 6. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint.
☐ 7. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint
   has been previously filed in_____ Court. The docket number and assigned judge are:

   _____

   The action    ☐ remains    ☐ is no longer    pending.

**SUPPLEMENTAL COMPLAINT**

☐ 8. (If applicable.) Complaint is made and judgment is sought for money damages against the defendant as follows:  (Specify damages pursuant to MCL 600.5739.)

Date

Plaintiff/Attorney signature

DC 103   (3/11)  **COMPLAINT FOR POSSESSION AFTER LAND CONTRACT FORFEITURE**

MCL 600.5726, MCL 600.5739,
MCR 2.113(C), MCR 4.202(D)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

APPOLONIA CHA'NELL MILLS

     Debtor.

Chapter 7 Proceeding
Case No. 19-46601-mlo
Hon. Maria L. Oxholm

_____/

TIMOTHY J. MILLER, TRUSTEE
     Plaintiff,

vs.

Adversary Case No. 19-04379-mlo
Hon. Maria L. Oxholm

DETROIT LAND DEVELOPMENT COMPANY,
     Defendant.

_____/

| | |
|---|---|
| Peter F. Schneider P75256 | Allen J. Dyer P54857 |
| Clayson, Schneider and Miller, P.C. | LeVasseur Dyer & Associates, P.C. |
| Attorneys for Plaintiff | Attorney for Defendant |
| 645 Griswold, Suite 3900 | 3233 Coolidge Highway |
| Detroit, Michigan 48226 | Berkley, Michigan 48072 |
| (313) 237-0850 | (248) 586-1200 |
| pete@claysonschneidermiller.com | allen@LDALAW.com |

_____/

## PROOF OF SERVICE

     I hereby certify that on April 16, 2020, I electronically filed Defendant's Response to Plaintiff's Motion for Summary Judgment with the Clerk of the Court using the ECF systems which will send notification of such filing to the following:

- Timothy J. Miller, Chapter 7 Trustee

- Peter F. Schneider, attorney for Trustee

And I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non – ECF Participants:

     William Semaan, Jr.
     LEAD ATTORNEY for Detroit Land Development Company
     51 W. Hancock, Suite 404
     Detroit, MI 48201

Dated: April 16, 2020                          /s/ Allen J. Dyer P54857
                                               3233 Coolidge Hwy.
                                               Berkley, MI 48072-0400
                                               (248) 586-1200
                                               allen@LDALAW.com