UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In the Matter of: | In Bankruptcy: |
|---|---|
| **APOLLONIA CHA'NELL MILLS** | Case No. 19-46601-mlo<br>Chapter 7 |
| Debtor | Hon. Maria L. Oxholm |

**TIMOTHY J. MILLER, TRUSTEE**

    Plaintiff,                                 Ad. Pro. No. 19-04379-mlo
                                                         Hon. Maria L. Oxholm

vs.

**DETROIT LAND DEVELOPMENT COMPANY,**

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, AND REPLY IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

Plaintiff Timothy J. Miller, Trustee ("Plaintiff") by his attorneys Clayson, Schneider & Miller P.C. submits the following response to the Defendant Detroit Land Development Company's ("Defendant") Motion for Summary Judgment (Ad. Pro. Docket No. 38), and submits same as a Reply in support of the Plaintiff's own Motion for Summary Judgment (Ad. Pro. Docket No. 30).

## BACKGROUND

The facts of this matter are straightforward. Debtor Apollonia Cha'Nell Mills ("Debtor") was the land contract vendee of a certain property located at 7706 West

Seven Mile Road, Detroit, MI ("the Property"). Debtor and Defendant entered into the land contract on March 10, 2014 ("the Land Contract"). On the same date, Debtor and Defendant signed two deeds, one transferring the Property outright to the Debtor ("The March 11, 2014 Deed"), and one transferring the Property back to the Defendant ("The February 19, 2019 Deed"). Defendant drafted both deeds and the Land Contract. Neither deed mentions the land contract, and no memorandum of land contract or encumbrance of any type was *ever* recorded by the Defendant.

The Defendant principal Michael Kelly "…gave the deeds to Debtor's father, Irving Seals, a friend of mine who I do business with, *to hold in escrow*". <u>Defendant's Discovery Response (</u><u>Ad. Pro. Docket No. 20</u>) *at* p. 2 (emphasis added). Mr. Seals has claimed that he took possession of the deeds, and that he "may have" recorded the March 11, 2014 Deed. *See* <u>Defendant's Response to Plaintiff's Motion for Summary Judgment</u> (<u>Ad. Pro. Docket No. 33</u>), *at* p. 24. As argued throughout the Defendant's Response and Motion, the purported intent was for the March 11, 2014 Deed to be held in escrow until and if the Land Contract was paid in full.

However, the March 11, 2014 Deed *was* recorded, and it transferred title to the Debtor. Within 90 days prior to the Debtor's petition date (April 30, 2019) the Defendant recorded the February 19, 2019 Deed, transferring the property back to

the Defendant. This is the basis for the Plaintiff's 11 U.S.C. § 547 action.

The Defendant asserts that the Plaintiff's preference action must fail because the March 11, 2014 deed was never *delivered* to the Debtor, and thus transfer was never legally effectuated. Defendant claims that if the transfer via the February 19, 2019 Deed ("the Transfer") was avoided, title would simply revert in the Defendant. Because of this, Defendant asserts that Plaintiff's preference action must fail under 11 U.S.C. § 547(b)(5). No other prong of the statute appears to be at issue.

## **ARGUMENT**

The Defendant's argument must fail, because the elements of 11 U.S.C. § 547(b), and in particular (b)(5), are established. Defendant, by its own volition, removed property of the estate for its own benefit that allowed it a much greater dividend than other general unsecured creditors. Regardless of the asserted intent surrounding the course of transactions, and the purported lack of delivery, the legal ramifications are clear, and the undisputed facts warrant summary judgment.

11 U.S.C. § 547(b)(5) requires the Plaintiff to establish that the "preferred" creditor received a transfer that enabled said creditor to:

> "…receive more than such creditor would receive if
> **(A)** the case were a case under chapter 7 of this title;
> **(B)** the transfer had not been made; and
> **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

Subsection (A) is clearly established, as this is a Chapter 7 bankruptcy. Likewise, subsection (C) is established under the Chattanooga precedent cited in Plaintiff's Motion for Summary Judgment since the Debtor's estate will not pay a 100% dividend to general unsecured creditors. *See* In re. Chattanooga Wholesale Antiques, Inc. 930 F.2d 458, 465 (6th Cir. 1991). That narrows the Defendant's argument to concern subsection (B), which itself must fail.

The Defendant's sole basis for challenging the preference action is that the March 11, 2014 Deed was never "delivered" to the Debtor. Defendant argues that title to the Property never transferred to the Debtor because this deed was meant to be held in escrow until the land contract was paid in full. Therefore, Defendant claims, if the February 19, 2019 Deed is avoided, the Property would re-vest in the Defendant. This argument must fail.

Regardless of the intentions of the Defendant, it drafted all the relevant instruments, and entrusted them with its own agent. That agent recorded the deed, and title was transferred as a matter of law, and this interest was free from any encumbrance. Under subsection (B), if this Transfer had not been made, record title in the Property would have been held solely by the Debtor as of the petition date, unencumbered by any interest. The chain of title would have no mention of a valid interest held by the Defendant. The Trustee, using the powers of a bona fide purchaser, would simply avoid the unrecorded interest for the benefit of the estate

by virtue of the "strong-arm" powers set forth by 11 U.S.C. § 544(a)(3).

## CONCLUSION

The February 19, 2019 transfer of Debtor's interest in 7706 West Seven Mile Road, Detroit, MI to the Defendant is voidable as a matter of law under 11 U.S.C. § 547(b). Summary judgment in favor of the Plaintiff is warranted.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: May 1, 2020
*/s/ Peter F. Schneider*
Peter F. Schneider (P-75256)
Attorneys for Plaintiff
645 Griswold, Suite 3900
Detroit, MI 48226
313-237-0850
pete@detlegal.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **APOLLONIA CHA'NELL MILLS** | Case No. 19-46601-mlo |
| | Chapter 7 |
| Debtor | Hon. Maria L. Oxholm |

**TIMOTHY J. MILLER, TRUSTEE**

    Plaintiff,                          Ad. Pro. No. 19-04379-mlo

                                                   Hon. Maria L. Oxholm

vs.

**DETROIT LAND DEVELOPMENT COMPANY,**

    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2020, I (or an employee of Clayson, Schneider & Miller, P.C.), served the following paper(s):

> Plaintiff's Response to Defendant's Motion for Summary Judgment, and Reply in Support of Plaintiff's Motion for Summary Judgment; Certificate of Service.

on the following parties located at these addresses:

| Allen J. Dyer, Esq. | William Semaan, Jr., Esq. | Ronald M. Haystead, Esq. |
|---|---|---|
| P.O. Box 721400 | 51 W. Hancock, Suite 407 | 3569 19th St |
| Berkley, MI 48072 | Detroit, MI | Wyandotte, MI 48192-6322 |
| (248) 586-1200 | 313-263-7771 | (313) 522-7615 |
| Allen@LDALAW.com | attorney.dpx@gmail.com | ronhaystead@gmail.com |

by filing the paper(s) with the Clerk of the Court using the Electronic Case Files system which will send <u>electronic notification</u> of such filing to the above referenced parties (or their attorney) and any parties that requested electronic service of documents filed in this case.

                Respectfully submitted,

                **CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: May 1, 2020        */s/ Peter F. Schneider*
                              Peter F. Schneider (P75256)
                              645 Griswold, Suite 3900
                              Detroit, MI 48226
                              (313) 237-0850, Ext. 4
                              pete@detlegal.com